# MATTIE ROOKER, Respondent v. DEERING SOUTH-WESERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, December 16, 1920.

1. CARRIERS: Testimony of Passenger Held Sufficient to Take Issue of Negligence to Jury. Testimony by a passenger that, while she was standing on the car platform waiting for the train to stop, it suddenly lunged forward with an extraordinary jerk and threw her off, is sufficient to take the case to the jury over defendant's demurrer to the evidence.

2. ————: Instruction Held Not to Make Carrier Insurer of Safety. An instruction that it was the duty of a carrier to use that high degree of care which a person of ordinary prudence would use under like circumstances to well and safely carry a passenger is correct and not objectionable as making the carrier an insurer of the passenger's safety.

3. TRIAL: Instruction in Passenger's Action for Injuries Held Not to Submit Issue of Failure to Stop Not Raised by Pleadings. In an action for injuries to a passenger, an instruction that if the train did not stop long enough to permit the passenger to alight and that, while the car was in motion, the passenger went upon the platform and while standing there was negligently thrown off on account of an unusual jerk, she could recover, was not objectionable as submitting the issue of negligent failure to stop the train, which was not raised by the pleadings, especially where other instructions eliminated that issue from the case.

4. APPEAL AND ERROR: Admission of Immaterial Evidence Held Harmless. In an action for injuries to a passenger, who claimed she was thrown from the platform by a sudden jerk while she was waiting for the train to stop, testimony as to a statement by the conductor with reference to the passenger's ticket, though not part of the res gestae and immaterial, was not prejudicial to the carrier.

5. TRIAL: General Objection Sufficient Where Evidence is Incompetent For Any Purpose. Where the evidence offered is incompetent for any purpose, the general objection that it did not prove or disprove any issue in the case was sufficient.

6. **WITNESSES: Foundation Must be Laid For Evidence of Statements Out of Court.** Before a witness can be discredited by proof of a statement made out of court, the foundation must have been laid so as to give him a chance to explain his statement.

7. **TRIAL: Remarks of Trial Judge Refusing to Permit Further Examination of Witness in Attempt to Hurry Trial, Held Error.** Remarks by the trial judge, in refusing to permit further examination of a witness, that counsel was not the only person trying a law suit, and that the court directed him to proceed more rapidly because he had another suit to try, is reversible error, since the trial court should not take sides or show his feeling in the case, and should not sacrifice the rights of a party for the saving of a little time.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*Ward & Reeves* for appellant.

(1) "Statements made by the conductor to the injured passenger is not admissible in evidence on the ground that the conductor was an agent and representative of the Company and not admissible as a part of the *res gestae.*" Redman v. Railway, 185 Mo. 1, 11; McDermot v. Railway, 73 Mo. 516; Ruschenberg v. Railway, 161 Mo. 79-80; Barker v. Railway, 126 Mo. 143; State ex rel. v. Reynolds, 208 S. W. 620; Leeman v. Railroad, 151, Mo. App. 514; Koenig v. Railway Co., 173 Mo. 698; Cross v. Coal Co., 186 S. W. 529. (2) "And defendant was not required to except to every question, and did not waive the point by cross-examining the witness thereon." Costigan v. Transportation Co., 33 Mo. App. 291; Brick Co. v. Green, 137 Mo. App. 316. (4) "A passenger who voluntarily, and especially without the knowledge and consent of defendant's employees, puts herself in a position of danger and where she would not have been hurt had she remained in her seat in the coach, but by reason of the dangerous position she takes, is injured, she has no cause of action." Car-

rol v. Railway, 107 Mo. 653; Tuley v. Railway 41 Mo.
App. 432; Ashbrook v. Railway. 18 Mo. App. 290; Har-
ris v. Railway, 89 Mo. 233; Little Rock Railway v.
Miles, 40 Ark. 298; Goodwin v. Railway, 84 Me. 203.
(5) It is not the duty of a railroad company to furnish
some one to assist passengers to alight from the cars,
but their sole duty is to have the station announced and
stop the train a sufficient length of time for passen-
gers to get off in safety.   Strauss v. Railway, 75 Mo.
190-191; Hurt v. Railway, 94 Mo. 255, 263; Strauss v.
Railway, 86 Mo. 421; Lafflin v. Railway, 106 N. Y. 136;
Buck v. Railway, 32 N. Y., S. R. 51; Nichols v. Rail-
way, 90 Mich. 203; Raben v. Railway, 73 Iowa, 579;
New Orleans Railway v. Statham, 42 Miss. 607; Nunn
v. Railway, 71 Ga. 710.

FARRINGTON, J.—This is a personal injury suit.
The plaintiff recovered a judgment in the trial court,
from which defendant appeals. The case is here on
the second appeal and a statement of the facts sur-
rounding the injury will be found in 204 S. W. 556.

On the second trial the plaintiff filed an amended
petition basing the ground of negligence causing her
injury on a sudden jerk forward while she was standing
on the platform preparing to alight from the train,
which caused her to fall and be thrown and receive the
injuries complained of.

There are several errors alleged. The first is that
defendant's demurrer to the evidence should have been
given. There was a clear cut issue of fact on this and
in the former trial, the plaintiff claiming that she stood
on the platform of the car waiting for the train to stop,
so that she could get off, and while it was running very
slowly, it suddenly lunged forward with an extraordi-
nary and unusual jerk and threw her off, the defendant
claiming that she fell in an attempt to alight while the
train was yet moving. Plaintiff's version makes a
question of fact for the jury.

It is contended that the following parts of instruction No. 1 given for plaintiff, is error:

"Then the court charges you that it became and was the duty of defendant to use that high degree of care which a person of ordinary prudence would use under like circumstances to sell and safely carry plaintiff from Caruthersville on its said railroad on said train to the said station of Blazier." Citing Craton v. Huntzinger, 163 Mo. App. l. c. 721, 147 S. W. 512; Hurt v. S. L., I. M. & S. Ry. Co., 94 Mo. l.c. 261-262, 7 S. W. 1. It will be seen on reference to those cases that the error condemned in them is not in this instruction. In the Craton case the instruction made the defendant an absolute ·insurer, while he was only required to use reasonable efforts or such efforts as an ordinarily prudent person under like circumstances would use. In the Hurt case the error found was that the instruction there told the jury that the duty rested on the employees to not only carry passengers to their destination but to see that they were set down safely on the platform, while the law only required that afer arriving at destination a reasonable opportunity be given for the passengers to get themselves down safely on the platform. The duty was broader than the law required, but in the instruction in the case at bar, to say what a person of ordinary care would do, is the same as saying such care as would reasonably insure safety. It is further contended that the instruction is broader than the pleading because it told the jury that if the train did not stop a reasonably sufficient length of time at said station to permit plaintiff, using reasonable care, to alight, and that while the car was in motion plaintiff went upon the platform and while standing there was negligently thrown off on account of an unusual jerk, etc.,—the contention is not well taken for when the instruction is read as a whole there is no liability predicated on the failure to stop. If there should have been any doubt in the jury's mind as to a failure to stop, it was dispelled by defendant's instructions Nos.

6 and 7, which eliminate the question of stopping from the case.

Error is assigned in the admission of the testimony undertaking to relate what the conductor said about a ticket after plaintiff had gotten up and started down the track, and after the train had backed up to see how badly she was hurt. The testimony was inadmissible as not being a part of the *res gestae,* but it was with reference to whether she had a ticket or not, and not a conversation relating to the actual cause of action relied upon for a judgment, that is, the jerk of the train and that plaintiff either jumped off or was thrown off. The error is immaterial and nonprejudicial.

The appellant further makes the point that error was made in the admission of certain testimony which was put in by the plaintiff for the purpose of impeaching and discrediting defendant's only witness, who testified that plaintff had told him that she jumped off the train, and that said evidence went in over the general objection that it did not prove or disprove any issue in the case and was not binding on defendant, and that such testimony being purely of an impeaching character was admitted without the plaintiff first having laid the foundation for an impeachment. On examination of the record we find that this error was made, and that it is prejudicial, and the evidence being incompetent for any purpose at the time it went in (no foundation having been laid for impeachment), a general objection was sufficient.

The general rule, and we cannot see that the evidence in this case would fall without it, is that before a witness can be discredited by impeachment concerning some former statement made out of court, the foundation must have been laid so as to give him a chance to explain. [Jones on Evidence, Vol. 5, sec. 845. See Bowman v. Marceline Coal Co., 168 Mo. App. l. c. 706, 707, 154 S. W. 891; State v. Curtner, 262 Mo. l. c. 218, 170 S. W. 114.]

Error was committed in the admission of the evidence of Mattie Rooker in testifying to what defendant's witness Burnett had said to her out of court, her statement of what he said being of a discrediting nature and no foundation having been laid.

In addition to the above reasons, this case must be reversed on account of the following colloquy which took place between the trial judge and appellant's attorney: In discharging a witness, the court said: "Thats all, madam."

"Mr. Reeves: I want to ask her a question.

Mr. Reeves: I except to the action of the court in refusing to permit me to further cross-examine this witness; he brought out some new matters and I didn't get to ask her.

By the court: If you are thinking you are the only person trying a law suit—the court directs you to proceed with this case a little more rapidly than you have been; I have another suit to try at one o'clock."

"Mr. Reeves: I object, wouldn't be binding on this defendant—

By the court: Overruled.

Mr. Reeves: If you are ruling against me, I want to save my exceptions; the law requires me to do that.

By the court: Mr. Reeves, I've got a notion to fine you for not paying attention—

Mr. Reeves: Note exception."

It is the duty of the trial court to preside but not to take sides or by act, conduct or words to show his feeling in the case, and not to sacrifice the rights of a party for the saving of a little time. [See State v. Davis, — Mo. Sup.—, 217 S. W. l. c. 91.]

For the reasons herein stated the judgment will be reversed and the cause remanded.

*Sturgis, P. J.,* concurs. *Bradley, J.,* concurs in that portion of the opinion dealing with the trial court's statements to appellant's attorney.