J. A. GUIDEWELL, Respondent, v. JAMES PATTERSON, Appellant.

Springfield Court of Appeals, March 25, 1921.

1. **WITNESSES: Foundation Must Be Laid for Evidence of Contradictory Statement.** It is error to admit for impeachment proof of statement of witness out of court contradictory of his testimony, without having laid a foundation by asking him in regard thereto, while he was on the stand.

2. **APPEAL AND ERROR: Admission of Impeaching Testimony Without Laying Foundation, Prejudicial.** The issues being sharply drawn, it cannot be said that it was harmless to admit, without laying foundation, proof of statement of witness out of court contradictory of his testimony.

3. **TRIAL: There Must be Indication of False Testimony to Authorize Instruction Thereon.** Unless there is something in the case to indicate that some witness may have wilfully testified falsely, an instruction as to disregarding testimony of such a witness should not be given.

4. ————: **Instruction to Disregard Testimony of Witness Willfully Tetifying Falsely, Improper.** Jury should not be instructed to disregard the testimony of a witness if they believe he has testified falsely, but merely that they should disregard such false testimony, and may disregard any part or all of his testimony.

5. ———: **Instruction as to Disregarding Willfully False Testimony Should not use the Word ''Perjury.''** Instruction as to disregarding willfully false testimony should not use the word "perjury," as the jury might not correctly understand its meaning.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

REVERSED AND REMANDED.

*Ward & Reeves* for appellant.

(1) ''Whenever the credit of a witness is to be impeached by proof of anything he has said, or declared, or done in relation to the cause, he is first to be asked, upon cross-examination, whether he has said, or declared or done that which is intended to be proved.'' Able v. Shields, 7 Mo. 120; Clementine v. State, 14 Mo. 112; Bowman v. Mining Co., 168 Mo. App. 703; Krup v. Corley, 95 Mo. App. 640; Carder v. Primm, 52 Mo. App. 102; State v. Curtner, 262 Mo. 214; Kelly v. Stewart, 93 Mo. App. 56. (2) A witness cannot be cross-examined as to any fact, which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby to discredit his testimony. Brown v. Weldon & Lankford, 27 Mo. App. 261; Taussig v. Schields, 26 Mo. App. 326; Roe v. Bank of Versailles, 167 Mo. 426; McFadin v. Catron, 120 Mo. 264; Iron Mt. Bank of St. Louis v. Murdock, 62 Mo. 70. (3) Instructions calling the attention of the jury to the veracity of witnesses are not favored by the courts, and should be given with great care and discrimination, and only when there is some material contradiction in the testimony of witnesses. McCormick v. City of Monroe, 64 Mo. App. 197; White v. Lawenberg, 55 Mo. App. 69; Beasley v. Jefferson Bank, 114 Mo. App. 406; Brazis v. St. Louis Transit Co., 102 Mo. App. 224; Schmidt v. St. Louis Ry. Co., 149 Mo. 289; Peck v. Ritchey, 66 Mo. 114; Miles v. Withers, 76 Mo. App. 87; Craig v. United Rys. Co. of St. Louis, 185 S.

W. 205. (4) Said instruction is contrary to law in that it tells the jury that they are to disregard any or all of the testimony of any witness if such witness has wilfully perjured himself while giving testimony in the case, omitting the essential word "material." White v. Lowenberg, 55 Mo. App. 69; Lloyed v. Messervey, 129 Mo. App. 636; Jackson v. Powell, 110 Mo. App. 249.

COX, P. J.—Action in replevin for possession of a cow. Verdict and judgment for plaintiff and defendant has appealed.

One Ol Patterson, a son of defendant, testified as a witness for defendant and in rebuttal plaintiff was permitted, over the objection of defendant, to prove statements made by Patterson out of court that contradicted his testimony on the witness stand. This is assigned as error.

This evidence was admitted solely for impeachment purposes and no foundation for the admission of said testimony had been laid by interrogating the witness Patterson in relation thereto when he was on the witness stand.

This court in the case of Mattie Rooker v. Deering Southwestern Railroad Co., 226 S. W. 69, decided at this term, held such action error and we can see no reason to depart from that holding. In view of the fact that the issues were sharply drawn and this witness being an important one, we cannot say the error was harmless.

The court at the request of plaintiff gave the following instruction: "The court further instructs the jury that they are sole judges of the value and credibility of the witnesses' testimony and that in considering their testimony, his or her interest in the case, or manner on the stand should be considered, if you believe that any one of said witnesses wilfully perjured his or herself while giving testimony in this cause, then you are instructed to disregard any or all of such testimony." '

The court should at all times be cautious in giving instructions of this character. Such an instruction should not be given unless there is something in the case to indicate that some witness may have wilfully testified falsely. When such an instruction is given, it should never tell the jury that they must disregard the testimony of any witness. The most that the court ought to say to the jury in an instruction of this character is that they should disregard such false testimony and are at liberty to, or may, disregard any part or all of the testimony of such witness.

This instruction also told the jury that if they believed any witness had wilfully perjured himself while giving testimony, then the jury should disregard any or all of such testimony. That language is, to say the least, very unfortunate. The jury might not correctly understand what is meant by the word ''perjury'' and that term should not be used in an instruction of this kind.

Judgment is reversed and the cause remanded.

*Farrington* and *Bradley, JJ.*, concur.