**Harry A. PAULSEN, Respondent,**

v.

**Robert W. BUTCHER, Appellant.**

No. 25839.

Missouri Court of Appeals,
Kansas City District.

March 5, 1973.

Robert J. Graeff, Raytown, for appellant.

Clyde G. Meise, Kansas City, for respondent.

DIXON, Chief Judge.

Plaintiff received a jury verdict of $6,-000 on a theory of res ipsa loquitur. Defendant's towed vehicle became disengaged, left the roadway and struck plaintiff's vehicle parked in plaintiff's driveway. Plaintiff was seated in his vehicle.

Defendant appeals contending plaintiff's direct testimony improperly injected insurance, and the "highest degree of care" instruction was improper since there was no evidence that the "negligence" which caused the towed vehicle to be released occurred on a public road.

The insurance issue is posed by the response of plaintiff to the following question:

"Q And how long did Dr. Butcher [defendant] remain there [at the scene of the accident] with you?

"A Well, he was very nice, he stayed, offered his help, and he called his insurance company and told them what had happened."

The question and answer align closely with the facts in Beckett v. Kiepe, 369 S.W. 2d 258 (Mo.App.1963) where plaintiff, when asked to relate certain facts about the collision, nonresponsively added a statement by defendant about insurance coverage. Following our prior holding in Vesper v. Ashton, 233 Mo.App. 204, 118 S.W.2d 84 (1938), this court said in Beckett, l.c. 263, 369 S.W.2d:

" 'There are a number of cases holding that where a question is asked in good

faith and the answer, such as the one involved in the case at bar, is voluntary on the part of the witness, there is not error in refusing to discharge the jury because of the mention of the question of insurance by the witness.' (Cases cited.) 'However, in the last analysis, whether the jury should be discharged, under such circumstances, depends upon whether there was good or bad faith in the injection of the question of insurance. Jablonowski v. Modern Cap Mfg. Co., 312 Mo. 173, 201, 279 S.W. 89; Cazzell v. Schofield, 319 Mo. 1169, 1195, 8 S.W. 2d 580.' ''

■ There is no evidence the plaintiff or counsel acted in bad faith; and under the established rule that a trial court is vested with a sound discretion in ruling on a motion for mistrial, the overruling of the motion for a mistrial is affirmed. Gray v. Williams, 289 S.W.2d 463 (Mo.App. 1956).

Appellant cites Olian v. Olian, 332 Mo. 689, 59 S.W.2d 673 (1933), Whitman v. Carver, 337 Mo. 1247, 88 S.W.2d 885 (1935), and Crapson v. United Chatauqua Co., 27 S.W.2d 722 (Mo.App.1930). Olian, supra, involves deliberate and persistent attempts to inject insurance. Crapson, supra, was a situation where the defendant had admitted liability and plaintiff injected the insurance coverage on a claim that it was an admission of liability. Whitman, supra, discloses on its facts an intentional injection of the insurance issue. A factual basis for the application of these cases is lacking here, and they are not controlling.

■ Defendant's contention with respect to the applicable degree of care is tenuous. The assertion that the reason for the towed vehicle becoming disengaged *might* have been due to negligence occurring on private property is not persuasive. Defendant's assumption that the attachment of the towed vehicle is the operative negligence is in error. It is the operation of the two vehicles and the unexplained detachment of the towed vehicle which gave rise to the liability and injury. No question exists but that the *operation* was on a public road, and the highest degree of care applies.

Judgment affirmed.

All concur.