ST. LOUIS COUNTY, Missouri, Appellant,

v.

Joseph W. SEIBERT, et al., Exceptions of William T. Kramer and Marie J. Kramer, his wife, Respondents.

No. 44556.

Missouri Court of Appeals, Eastern District, Division Three.

May 25, 1982.

 

Thomas W. Wehrle, County Counselor, Don R. Williams, Associate County Counselor, Clayton, for appellant.

Joe Bill Carter, John H. Lamming, Clayton, for respondents.

REINHARD, Presiding Judge.

St. Louis County (condemnor) appeals from a judgment entered upon a jury verdict awarding damages to William and Marie Kramer (condemnees) in the amount of $29,000.00.

The project for which the condemnation petition was filed consisted of the extension of Weidmann Road south from Manchester Road. The Kramers owned a lot, 100 feet wide and 435 feet long, which fronted on the south side of Manchester Road, just west of the proposed extension. The Kramers lived on the lot and conducted a business ("Williamsburg Kennels") there. A portion of the rear of the Kramers' lot was necessary "for the purpose of allowing (the County's) contractor to enter upon and occupy . . . with workmen and equipment in order to shape, smooth, contour and sod . . . ." This license was referred to in the petition as a "temporary construction and sloping license."

Condemnor's witnesses testified that the difference in the fair market value of the property before and after the taking was less than $1,000.00. Condemnee's evidence indicated the difference between the fair market value before and after the taking to be approximately $44,000.00.

In two of the County's points on appeal it contends the court erred in failing to grant a mistrial after references were made by the Kramers' attorney to a housing development to the south of the Kramers' property. The County contends that the comments were attempts to suggest that a private developer had agreed to indemnify the County for its damages in this case. The County admits that such an agreement exists.

During voir dire, the Kramers' attorney asked the following of a venireman whose daughter worked for the County Highway Department:

MR. CARTER: ... [T]his is a matter that involves, is in the name of St. Louis County. However, it involves a Mr. Holthaus and the development of his apartment project in back of the Kramer property, but it is brought, the case is brought in the name of St. Louis County in order to acquire this right-of-way. Would the fact that St. Louis County is bringing this, it would be—the plans and everything would be through St. Louis County Highway Department, but the fact that St. Louis County has brought this action, even though someone else, it's really someone else's project,—

MR. WILLIAMS: Well, Your Honor, I'm going to object to this.[1]

During opening statement, the following was said:

MR. CARTER: ... Mr. Holthaus approached the Kramers and advised them that he wished to purchase from them this corner, small corner in the southeast corner of the property.... The Kramers advised them that they were using it; in fact, it was fenced and was an entirely different elevation. In fact, they were not interested in relation to that; Mr. Holthaus advised them the purpose of this was so that he could reconstruct the road and—

MR. WILLIAMS: Your Honor, I'm going to object to counsel once again injecting into the case Holthaus buying the road.

The County's objections were in both instances sustained; the County contends the court erred in denying its requests for mistrial.

■ Mistrial is a drastic remedy. The trial court is in the best position to determine whether the trial has been so poisoned with prejudice as to require a mistrial; its determination in this respect will be affirmed short of an abuse of discretion. *Epperson v. Nolan*, 452 S.W.2d 263, 266 (Mo. App.1970).

■ It is improper to suggest that someone not a party to the case has agreed to indemnify a party for damages assessed against it, but the comments at issue here do not go that far. Even if such was the purpose behind them, the promptness with which Mr. Williams objected, and the court's actions in sustaining the objections, were effective in warding off a prejudicial reference to indemnity. We see no abuse of discretion in the failure to grant a mistrial.

The County's next point is similar: again the court is alleged to have erred in failing to grant a mistrial after a comment suggesting the developer had agreed to indemnify the County. This time the comment was made by one of the Kramers' witnesses during cross examination by the County's attorney:

Q. (by Mr. Williams): —doesn't that increase the speed of the runoff of water when it rains?

A. Oh, I'm convinced that that's what flooded their basement and that. Very much. The County or the subdivider. By that, that's paying for this.

Mr. Williams objected and asked for a mistrial. The court sustained the objection and instructed the jury to disregard the comment, but denied the request for mistrial.

■ A voluntary, non-responsive answer of a witness to a question asked in good faith is seldom, if ever, grounds for a mistrial—even when the witness is a party, *Paulsen v. Butcher*, 492 S.W.2d 186 (Mo. App.1973). Here the question was posed by the County's attorney, and the witness was not a party. There was no abuse of discretion in failing to declare a mistrial.

■ In the County's remaining point on appeal, it contends the court erred in overruling its objection to an explanation of damages by the Kramers' attorney during voir dire. Our review indicates, however, that the objection was not timely. The statement that was objected to was merely

---

1. We note that subsequent to this objection the Kramers' attorney was properly allowed by the court to ask the panel of prospective jurors whether any of them had a financial interest in the development behind the Kramers' property or the company building it.

a repetition of a similar statement to which no objection had been made. Hence any error was waived.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.