Helen CHAMPION, Plaintiff–Respondent,

v.

Leroy FRAZIER, Defendant–Appellant.

No. 72668.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 31, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 30, 1998.

Katharyn B. Davis, Davis & Weisman, St. Louis, for appellant.

Robert (Keith) Bennett, St. Louis, for respondent.

HOFF, Judge.

Leroy Frazier (Defendant) appeals from the judgment entered in favor of Helen Champion (Plaintiff) following a bench trial on her damages claim for breach of contract. We reverse and remand with instructions.

Plaintiff and Defendant began to see each other in the late 1970s and have been married to others during their entire relationship. Prior to 1989, Plaintiff and Defendant maintained separate apartments. In 1989, Plaintiff and Defendant moved into a house together on Lalite (Lalite property) in St.

Louis, Missouri. Defendant's name is the only name on the title and bank loan for the Lalite property. In May 1994, Defendant moved out of the house. Plaintiff and her two adult children and two grandchildren continue to live in the house on Lalite while Defendant alone pays the mortgage.

In June 1994, Plaintiff brought suit against Defendant in twenty counts. Prior to trial, Plaintiff voluntarily dismissed with prejudice fourteen counts and the trial court dismissed another four counts. The trial court found in favor of Plaintiff on the remaining two counts for breach of contract and conversion. The trial court determined the present market value of the Lalite property was $40,000. Upon finding an implied-in-fact contract between the parties to share equally in the Lalite property, the trial court awarded Plaintiff $20,000 as damages for breach of that contract. Defendant does not appeal the $1,000 judgment in favor of Plaintiff on the conversion claim, therefore it is affirmed. Defendant only appeals the judgment entered in favor of Plaintiff on the breach of contract claim.

On appeal, Defendant raises four points. First, Defendant argues the Statute of Frauds prohibits the conveyance of real estate without a written contract. Second, Defendant contends the trial court erred in applying the case of *Hudson v. DeLonjay*, 732 S.W.2d 922 (Mo.App. E.D.1987), and finding an implied-in-fact contract between Plaintiff and Defendant. Third, Defendant claims the trial court erred in granting Plaintiff $20,000 in damages without taking into consideration the amount of debt still owed on the property ($15,000 to $20,000) and the respective contributions of each party. Fourth, Defendant urges that Plaintiff did not plead an implied-in-fact contract and granting recovery on this theory deprived Defendant of an opportunity to defend against this theory. Because we find Defendant's second point dispositive, we will not discuss the other points on appeal.

In his second point, Defendant notes the facts in *Hudson* show a broad business relationship between the two parties supporting an implied-in-fact contract. Defendant distinguishes that situation from the situation here where the relationship between the parties was more like a "family relationship" only. Defendant urges that no implied-in-fact contract may arise from the normal household activities of individuals living together. Also, Defendant explains *Hudson* differs in that here there was an award of money damages rather than a division of assets as in *Hudson*.

■ In a bench-tried case, the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court views the evidence in the light most favorable to the trial court's judgment and grants deference to the trial court's opportunity to judge the credibility of the witnesses. *Darr v. Darr*, 950 S.W.2d 867, 870 (Mo.App. E.D.1997).

Plaintiff alleges Defendant breached a contract to share equally in all benefits obtained through ownership of the Lalite property. Plaintiff testified Defendant made two statements to indicate her ownership interest in the Lalite property.

Plaintiff testified Defendant took her to see the house and told her if she liked it "he would get it" for her. She understood this to mean that they would live together there and save money by not paying for two of everything. Plaintiff also testified that Defendant asked her to sign a "bank statement" for the loan to pay for the house. When she asked why she should sign it because he had not taken her to get the deed, she testified Defendant said, "Don't worry about that. Before I get the title I'll make sure your name is on it." Defendant denied making any of these statements. Defendant testified the only document Plaintiff ever signed from the bank was to put her name on his checking account. There were no other witnesses to corroborate the statements on which Plaintiff relied. Furthermore, Plaintiff concedes she is not obligated to pay the outstanding mortgage on the Lalite property.

■ The trial court's Findings of Facts, Conclusions of Law and Judgment, did not find an express contract to share equally the

Lalite property. "An express contract requires the showing of *explicit* promises made by the parties." *Rosenfeld v. Brooks*, 895 S.W.2d 132, 135 (Mo.App. E.D.1995) (emphasis in original). An oral contract for specific performance to convey real estate cannot be based on conversations too loose or casual. *Gegg v. Kiefer*, 655 S.W.2d 834, 837 (Mo.App. E.D.1983). The alleged statements that Plaintiff relied on are too loose and casual to indicate Defendant's intention to convey an interest in the Lalite property to Plaintiff. Defendant's alleged statements do not constitute an explicit promise to share equally in all benefits obtained through ownership of the Lalite property. We agree there was no express contract between the parties.

However, the trial court did find an implied-in-fact contract between the parties. Our research indicates the only Missouri case finding an implied-in-fact contract between unmarried cohabitants is *Hudson*. It explains courts should look to the conduct of the parties to determine whether there exists an implied contract between them. *Hudson*, 732 S.W.2d at 926. In *Hudson*, the court found an implied-in-fact contract based on the nature of the relationship between the parties. Marshall F. Hudson and Brigitte DeLonjay were unmarried cohabitants. *Id.* at 925. They purchased a residence together, with both names on the title, and each financially contributed to the purchase. *Id.* They owned a number of joint bank accounts to which each contributed. *Id.* They paid most of their household expenses from the joint funds. *Id.*

Additionally, the parties in *Hudson* created a business corporation, Affiliated, financed by both their joint checking account and a loan on which both parties were jointly obligated. *Id.* Each party personally guaranteed the loan and their residence was pledged as security. *Id.* Both parties worked at the business and each owned stock in the corporation. *Id.* at 926. Various financial statements showed the parties owned all of their assets jointly. *Id.* They also formed another business, Dollco, from jointly held capital.

*Id.* This business purchased various equipment and a piece of real estate. *Id.* Title to the real estate was taken in the name of Hudson d/b/a Dollco. *Id.* There was "voluminous documentary evidence" of the jointly held assets. *Id.*

The trial court in *Hudson* entered judgment in favor of DeLonjay based on an implied-in-fact contract, breach of a confidential relationship, constructive fraud, and constructive trust. The trial court awarded DeLonjay an "equal share of the residential property, one half the stock of Affiliated, one half the value of the Dollco assets, an equal share of money deposited in the registry of the Court, certain money appropriated by Hudson, and the balance in a joint bank account." *Id.* This court affirmed the trial court's judgment. *Id.* at 931.

■ A review of the conduct between Plaintiff and Defendant here indicates the evidence is insufficient to support a finding of an implied-in-fact contract to share equally in the Lalite property. The following facts are undisputed. Plaintiff's name was not on the title to the Lalite property nor was her name on the bank loan. In 1995, Plaintiff declared bankruptcy under Chapter 7. She did not indicate any interest in the Lalite property in the bankruptcy filing. A proposal for a new roof for the Lalite property was made out in the name of both Plaintiff and Defendant; and both Plaintiff and Defendant signed a remodeling contract for the property.

Defendant added Plaintiff's name to his checking account sometime between June 1989 and August 1990. Plaintiff wrote out all the checks for the bills. Defendant worked as a Deputy Sheriff for the City of St. Louis at a salary of $24,000. His paycheck was deposited in the joint account. Defendant also received income from rental properties. Plaintiff received $207 per month as child support from the state for her two children. That money was also deposited in the joint account.[1] Plaintiff did not file any income tax returns until 1995. Plaintiff received food stamps which were used by Defendant to purchase groceries for the household.

---

1. Plaintiff testified she also "did hair" for people occasionally and contributed that money to the joint account as well.

The record also reveals the following. Defendant discovered he had glaucoma in 1984 and by 1991 he was no longer able to drive. Plaintiff testified she drove Defendant around for his job after he could no longer drive and without her help Defendant would not have been able to keep his job. However, Defendant testified ninety percent of the time he drove with Willie Smith. Willie Smith testified he and Defendant worked together most of the time and Willie drove during this time.

Although it is apparent Plaintiff contributed to the household, the conduct between Plaintiff and Defendant does not support a finding of an implied-in-fact contract to share equally in the Lalite property. Plaintiff did not substantially contribute to the purchase of the Lalite property nor is her name on the title or bank loan. The facts in this case are distinguishable from the facts in *Hudson.* Here, there is no "voluminous documentary evidence" of jointly held assets nor is there "extensive testimony" concerning the assets held by the parties to indicate an implied-in-fact contract between them. Moreover, Plaintiff and her family have continued to live in the Lalite property without paying rent since Defendant moved out in May 1994.

■ In *Johnston v. Estate of Phillips,* 706 S.W.2d 554 (Mo.App. S.D.1986), the Southern District affirmed the trial court's holding that household services rendered in a family relationship between two unmarried cohabitants should not be compensated without an express contract or evidence of an actual understanding between the parties that payment would be made. That court held the mere rendition of services, while admittedly valuable, does not justify recovery on a claim for an implied contract or quantum meruit. *Id.* at 558. Here, Plaintiff and Defendant had a family relationship. Plaintiff did not introduce any evidence that she expected to be paid for the services she rendered. In addition, both parties benefited from Plaintiff's services. For instance, Plaintiff helped Defendant keep his job which was at a much higher salary than Plaintiff was able to obtain. As a result, Defendant could pay the mortgage and insurance on the Lalite property. Under the circumstances, Plaintiff's rendition of services alone does not justify a monetary award because there was no express contract or actual understanding between the parties that she would be paid for such services.

Upon review of the record, there is no substantial evidence to support the trial court's finding of an implied-in-fact contract. In addition, there is no substantial evidence to support the existence of an express contract.

We reverse and remand for the trial court to enter judgment in favor of Defendant on the breach of contract claim. Judgment on the conversion claim affirmed.

ROBERT G. DOWD, Jr., P.J. and SIMON, J., concur.