

# In the
# Missouri Court of Appeals
# Western District

SHANE CALLAHAN,

                 Appellant,

v.

ANNE PRECYTHE,

                 Respondent.

**WD81964**

**OPINION FILED:**

**June 18, 2019**

---

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Patricia Joyce, Judge**

**Before Division Two:
Thomas N. Chapman, Presiding Judge, Mark D. Pfeiffer, and Cynthia L. Martin, Judges**

---

Shane Callahan (Callahan) appeals the judgment of the Cole County Circuit Court, denying his petition for a writ of mandamus.[1] In his writ petition, Callahan sought credit for time he spent confined in the Morgan County Jail while simultaneously on probation. Due to the substantial deficiencies in Callahan's brief and his failure to file a record sufficient for the Court to determine his claim of error on the merits, we dismiss the appeal.

The sparse record we are provided does indicate that, in the Circuit Court of Boone County, Callahan pled guilty in 2012 to a charge of robbery and was sentenced to a 12-year term

---

[1] Callahan named Anne Precythe as the respondent in this action in her official capacity as the director of the Missouri Department of Corrections.

of imprisonment. *State v. Shane Alan Callahan*, Boone County Circuit Court Case No. 11BA-CR00459-01. After completing a long-term treatment program, he was placed on probation. In May 2015, he was arrested and charged by federal authorities with conspiracy to distribute more than 500 grams of methamphetamine and violating the terms of his probation. Thereafter, he was held in the Morgan County Jail until June 2016, when his Boone County probation on the 2012 robbery conviction was revoked.[2]

In the instant action, Callahan's petition for writ of mandamus sought credit for the time he spent in custody prior to the revocation of his Boone County probation. The Cole County circuit court denied his request, finding that (1) he was on probation during the time for which he sought credit, and (2) the Boone County sentencing court did not indicate its intention to award him probation-time credit under § 559.100.2 when it revoked his probation.[3]

Callahan is a *pro se* appellant. "While this Court is mindful of the problems facing pro se appellants, we cannot relax the standards for non-attorneys. 'This principal (sic) is not grounded in a lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.'" *Rademan v. Al Scheppers Motor Co.*, 423 S.W.3d 834, 836 (Mo. App. W.D. 2014) (internal citation omitted) (quoting *Thompson v. Flagstar Bank, FSB*, 299 S.W.3d 311, 313 (Mo. App. S.D. 2009)). "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo. App. W.D. 2004). Furthermore, "[i]n the absence of

---

[2] The transcript of the Boone County probation violation hearing on June 24, 2016, indicates that Callahan appeared by his attorney, and had filed a written admission of a "laws" violation of his probation. There is no discussion in the record as to what specific conduct was the basis for the laws violation.

[3] There is nothing in the record indicating that Callahan had filed a request for probation-time credit prior to the revocation hearing.

compliance with Rule 81.12 we are unable to review the points on appeal." *Snelling v. Hous. Auth. of St. Louis Cty.*, 956 S.W.2d 323, 323 (Mo. App. E.D. 1997).

Callahan's brief is deficient in several respects. Rule 84.04(c) provides that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal[.]" Callahan has not provided record citations for some of his factual assertions; other assertions find no support in the citations he has provided; and all of his page references appear to be directed to the appendix to his brief, even though "[t]he appendix is not part of the legal file or otherwise part of the record on appeal." *Bison Park Dev., LLC v. N. Am. Sav. Bank, F.S.B.*, 399 S.W.3d 877, 882 n.7 (Mo. App. W.D. 2013). The requirement that an appellant provide record citations for his factual statements "is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record. This would effectively require the court to act as an advocate for the non-complying party," which we may not do. *Brown v. Shannahan*, 141 S.W.3d 77, 80 (Mo. App. E.D. 2004).

Callahan's sole point on appeal provides as follows:

> The Boone County Circuit Court erred when it denied Appellant's writ for extraordinary relief, where the court found that Appellant was on probation for the period at issue, and as the order of revocation was ambiguous beyond directing that Appellant recieve [sic] all credit for time served.

This point is not readily understandable and does not "[s]tate concisely the legal reasons for [Callahan's] claim of reversible error" or "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(B)-(C).

The point is not set forth substantially in the form mandated by our Missouri Court Rules. Rule 84.04(d)(1)(C).[4]

> "Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood."

*Wallace v. Frazier*, 546 S.W.3d 624, 627–28 (Mo. App. W.D. 2018) (quoting *Treaster v. Betts*, 297 S.W.3d 94, 95 (Mo. App. W.D. 2009)).

Callahan's argument section begins with a factual recitation, which is bereft of any citation to the record on appeal. *See* Rule 84.04(e). He has failed to provide the applicable standard of review for his claim of error. *Id*. In further violation of Rule 84.04(e), his argument raises issues not included within his point relied on.[5]

Callahan's record on appeal is woefully inadequate, and provides another basis to dismiss this appeal. Rule 81.12 requires Callahan "to file a record on appeal containing all of the record, proceedings and evidence, including exhibits, necessary to determine" the questions he has presented for our review. *State ex rel. Missouri Highways & Transp. Comm'n v. Legere*, 706 S.W.2d 560, 565 (Mo. App. S.D. 1986). Were it not for our review of the parties' briefing and the pleadings submitted in the proceedings below, this Court would be unable to discern the facts forming the basis of Callahan's appeal. However, "appellate courts do not look to pleadings as evidence, and will not accept [a party's] statements as a substitute for record proof. Recitals in motions and statements in briefs, when unsupported by the record and not conceded by a party's

---

[4] The point relied on is also defective in that it assigns error to the Boone County Circuit Court, when it was in fact the Cole County Circuit Court that denied Callahan's petition for writ of mandamus.

[5] In his argument, Callahan claims that the circuit court erred in denying his request for credit because (1) he was not on probation during the time for which he sought credit, and (2) the rule of lenity required the circuit court "to adopt the less punitive action in his favor."

4

adversary, are not evidence; as such, they are insufficient to supply essential matters for review."

*McDonald v. Thompson*, 35 S.W.3d 906, 909 (Mo. App. S.D. 2001) (internal citations omitted).

Without accepting Callahan's unsupported assertions as true (which we may not do), the record does not establish with certainty the precise nature of his 2012 robbery conviction, when he was placed on probation, when he was confined for violating his probation, what he did to violate his probation, whether his probation was active or suspended at the time of revocation, or whether his state or federal offenses were bailable. Indeed, the only document Callahan has included in the legal file that is germane to his 2012 robbery conviction (the offense for which he seeks credit) is the transcript of the revocation hearing (totaling five pages).

Although this Court prefers to dispose of appeals on the merits, the substantial briefing deficiencies and inadequate record Callahan has provided in his appeal prevent us from deciding his claim of error. His appeal is dismissed.

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Presiding Judge


All concur.