**GRACE ADVISORS, INC., Appellant,**

v.

**Mary A. SHANNON and Sally E. Rogers, Respondents.**

**No. ED 82571.**

Missouri Court of Appeals, Eastern District, Division Four.

March 30, 2004.

Mark W. Weisman, St. Louis, MO, for appellant.

Brian A. McKinsey, St. Louis, MO, for respondent.

Before BOOKER T. SHAW, P.J., LAWRENCE G. CRAHAN, J., and PATRICIA L. COHEN, J.

*ORDER*

Grace Advisors, Inc. appeals the judgment denying injunctive relief and damages for breach of contract and civil conspiracy against Mary Shannon and Sally Rogers following a bench trial. We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion would be of no precedential value. We have, however, provided a memorandum opinion for the use of the parties only setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 84.16(b). Respondent's motion for damages for frivolous appeal and Appellant's counter-motion for costs and fees are denied.

We would be remiss if we did not take note of the excessive 151 page appendix filed by Appellant in this case. Rule 84.04(h) now requires an appendix which must contain the judgment, order or decision, the full text of all statutes, ordinances, rules of court or agency rules relevant to the points raised on appeal, and the complete text of any instructions in issue on appeal. In most cases, this is all that should be included in the appendix, which can simply be appended to the brief if less than 30 pages in length.

The rule also allows a party to include material *pertinent to the issues discussed in the brief* such as copies of exhibits, excerpts from the written record and copies of authorities that might not be readily available to the court. We urge the parties to exercise restraint in the exercise of this privilege. In this particular case, a copy of one of the identical contracts at issue would be an appropriate addition to the appendix. Including both contracts is unnecessary and burdensome to the court. Likewise, we can think of no conceivable reason to include affidavits submitted in support of a request for a temporary restraining order in a case that has been fully tried on the merits. The exhibits Appellant included in the appendix were not helpful to the court in resolving the issues presented on appeal and should not have been included. Nor did inclusion of the petition assist the court in its review. Inclusion of such unnecessary materials simply increases the amount of paper the court must manage.