Richard **KRASTANOFF,**
Plaintiff/Respondent,

v.

John and Mia **WILLIAMS,**
Defendants/Appellants.

No. ED 88947.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 5, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 2007.

Application for Transfer Denied
Sept. 25, 2007.

John Williams, St. Louis, MO, pro se.

Richard Krastanoff, Crystal City, MO, pro se.

LAWRENCE E. MOONEY, Judge.

The defendant, John Williams, appeals the judgment entered by the Circuit Court of St. Louis County in favor of the plaintiff, Richard Krastanoff, following a trial de novo. We dismiss the appeal because the defendant has not filed a sufficient record to allow us to determine the questions presented.

From the legal file, we are able to glean the following facts. The plaintiff filed a small-claims petition against John and Mia Williams, and the Williamses filed a counterclaim against the plaintiff. The plaintiff failed to appear for trial in small-claims court. The court entered judgment in fa-vor of John and Mia Williams on both the plaintiff's claim and the Williamses' counterclaim and awarded the Williamses the sum of $2,000. The plaintiff filed an application for trial de novo the next day. Following the trial de novo, the trial court entered judgment in favor of the plaintiff and awarded him the sum of $918.

Mr. Williams [1] appeals the judgment, entered after the trial de novo, in which the court awarded the plaintiff $918. The judgment does not mention the Williamses' counterclaim nor does it contain any findings of fact. Mr. Williams claims the trial court erred in not considering the Williamses' counterclaim when it entered judgment for the plaintiff and then denied the Williamses' motion for new trial.

Rule 81.12(a) states that the record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all questions presented to the Court. This rule requires the appellant to prepare a legal file and submit a transcript so that the record contains all evidence necessary for us to determine the questions presented. *Buford v. Mello,* 40 S.W.3d 400, 401–02 (Mo.App. E.D.2001). Without the required record, this Court has nothing to review. *Id.* at 402.

Here, Mr. Williams has not provided us with a transcript of the proceedings, although the legal file reveals not only that the trial de novo proceedings were recorded, but also that a transcript was ordered. Yet the legal file contains none of the pleadings, and we have no transcript of the proceedings of the trial court. Both of Mr. Williams's points on appeal require our review of the trial transcript to determine what evidence was presented and what proceedings occurred, which led to the trial court's judgment for the plaintiff.

Without a record of the trial-court proceedings, we cannot determine

---

1. The notice of appeal does not name Mia Williams as an appellant.

whether the judgment is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Ferguson v. Bernsen,* 29 S.W.3d 396, 396 (Mo.App. E.D.2000) (citing *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976)). Absent a record, we cannot even determine with any certainty whether the trial court's judgment in favor of the plaintiff necessarily disposes of the Williamses' counterclaim, *Lumbermens Mut. Cas. v. Thornton,* 36 S.W.3d 398, 402–03 (Mo.App. W.D.2000), so as to leave us with a final, appealable judgment that disposes of all issues and all parties in the case. *Columbia Mut. Ins. Co. v. Epstein,* 200 S.W.3d 547, 549 (Mo.App. E.D.2006). Where the appellant fails to provide this Court with a record containing everything necessary to determine all questions presented, we must dismiss the appeal. *Buford,* 40 S.W.3d at 402.

The appeal is dismissed.

GLENN A. NORTON, P.J., and KENNETH M. ROMINES, J., concur.