David B. WASHINGTON,
Plaintiff/Appellant,

v.

Margaret A. BLACKBURN,
Defendant/Respondent.

No. ED 91610.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 14, 2009.

See also, 286 S.W.3d 828, 2009 WL 981985.

David B. Washington, St. Louis, MO, pro se.

Cynthia M. Howlett, Clayton, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., MARY K. HOFF, J., and KENNETH M. ROMINES, J.

PER CURIAM.

Appellant, David B. Washington, filed a petition for an Order of Protection against respondent, Margaret A. Blackburn, pursuant to section 455.020 RSMo (2000). After an evidentiary hearing, the trial court determined that appellant had not proved the allegation of abuse, and denied appellant's request for a full order of protection in a written judgment. Appellant appeals *pro se*. Respondent has filed a motion to dismiss the appeal for failure to follow

Rule 84.04. Appellant did not file a response to the motion to dismiss. Appellant's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and therefore dismiss it.

### 1. Statement of Facts—Rule 84.04(c)

■ First, appellant's statement of facts fails to comply with Rule 84.04(c). Rule 84.04(c) requires that the statement of facts be a fair and concise statement of the facts relevant to the questions presented for a determination without argument. " 'The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.' " *In re Marriage of Shumpert,* 144 S.W.3d 317, 320 (Mo.App. 2004) (quoting *Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 515 (Mo.App.1998)).

Appellant's statement of facts is confined to a recitation of the facts alleged in his petition and the procedural actions in this case. He fails to include the facts necessary to determine the issues on appeal and omits facts supporting the trial court's findings. For example, under Point I appellant appears to argue that he showed a course of conduct of repeated acts, but the statement of facts does not include any recitation of this evidence. Under Point II he contends that respondent filed a frivolous petition for a protective order, but the statement of facts does not set out what was in that petition. Under Point III he argues that the court erred in excluding certain evidence, but the statement of facts does not describe what was in the police reports or photographs that made them admissible.

■ "Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review." *Snyder v. Snyder,* 142 S.W.3d 780,

782 (Mo.App.2004). A violation of Rule 84.04(c), standing alone, constitutes grounds for dismissal of an appeal. *Shumpert,* 144 S.W.3d at 320; *Lemay v. Hardin,* 108 S.W.3d 705, 709 (Mo.App. 2003).

### 2. Points Relied On—Rule 84.04(d)(1)

■ Second, none of appellant's points relied on comply with Rule 84.04(d)(1). We reproduce the points relied on verbatim:

#### POINT I

THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION BECAUSE THE COURT BASED THE DECISION ON A VERY NARROR READING OF THE STATUTE IN THAT RELEVANT TO A SHORT TIME INTERVAL FOR AN OCCURRENCE OF HARASSMENT AND STALKING TO OCCUR AND THE IMMEDIATE FILING OF AN ACTIONABLE CLAIM THEREFROM.

#### POINT II

THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION BECAUSE THE DISMISSAL WAS BASED UPON RESPONDENT'S IMMEDIATE FILING OF A PETITION AGAINST APPELLANT, SUBSEQUENT TO APPELLANT'S FILING, IN THAT RESPONDENT'S PETITION WAS A FRIVOLOUS CLAIM UNSUPPORTED BY THE FACTS AND STANDARD ELEMENTS REQUIRED UNDER THE STATUTE, AND RESPONDENT FURTHER ALLEGED CONSTITUTIONAL PROTECTED ACTS.

#### POINT III

THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION

BECAUSE THE DISMISSAL WAS BASED ON THE COURT NOT ADMITTING THE EXHIBITS OF THE POLICE REPORT AND DISPLAY BOARD OF 36 COLORED PHOTOGRAPHS IN THAT THEY WERE NOT ALLOWED TO BE ADMITTED AS EVIDENCE THEREIN IN THE LIGHT MOST FAVORABLE TO APPELLANT RELEVANT TO AN ORDER OF PROTECTION CLAIM PURSUANT TO STATUTE.

Each of these points fails to state concisely the legal reasons for the claim of reversible error and to explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error, as Rule 84.04(d)(1) requires. All of appellant's points are so unintelligible that this court would have to rewrite them prior to reviewing them. *Elkins v. Elkins,* 257 S.W.3d 617, 618 (Mo.App.2008). *See also Harrison v. Woods Super Markets, Inc.,* 115 S.W.3d 384, 387 (Mo.App.2003).

■ "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). The purpose of this rule "is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review." *Eddington v. Cova,* 118 S.W.3d 678, 681 (Mo.App.2003). A point relied on that fails to comply with Rule 84.04(d) preserves nothing for appeal. *In re Marriage of Fritz,* 243 S.W.3d 484, 487 (Mo.App.2007); *Selberg v. Selberg,* 201 S.W.3d 513, 515 (Mo.App.2006); *Harrison,* 115 S.W.3d at 387.

*3. Argument—Rule 84.04(e)*

■ Third, appellant's arguments under each of his points fail to comply with Rule 84.04(e). An argument must explain why, in the context of the case, the law supports the claim of reversible error. Rule 84.04(e); *Fritz,* 243 S.W.3d at 487. "An argument should show how principles of law and the facts of the case interact." *Snyder v. Snyder,* 142 S.W.3d 780, 783 (Mo.App.2004). Appellant's arguments contain only bare conclusions without linking those conclusions to specific testimony or evidence and without providing any rationale supporting the conclusions.

■ The argument under Point I cites cases for the proposition that showing multiple acts is sufficient to obtain an order of protection, but appellant never sets out what acts were in evidence that met this standard or how they met this standard. The argument under Point II is based on the premise that the court "dismissed" his action because respondent sought an order of protection against him, and her petition was frivolous. Even if this was an appropriate claim of error, the argument does not explain why appellant concludes this was the reason for the denial of his petition or why respondent's allegations in her petition were frivolous. Furthermore, appellant cites no legal authority that supports this claim. Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for appeal. *Fritz,* 243 S.W.3d at 488; *State ex rel. Moore v. Brewster,* 116 S.W.3d 630, 643 (Mo.App.2003). The argument under Point III concludes that appellant's evidence was erroneously excluded by the trial court. However, the argument does not provide a standard of review for error in the exclusion of evidence in a court-tried case, as required by Rule 84.04(e); the argument does not indicate where in the record these items were excluded from evidence; and the argument provides no legal analysis explaining why

the trial court's decision to exclude the evidence was error. An argument that fails to comply with Rule 84.04(e) preserves nothing for appeal. *See Versatile Management Group v. Finke,* 252 S.W.3d 227, 235 (Mo.App.2008).

### 4. *Appendix—Rule 84.04(h)*

▮▮ Fourth, the appendix fails to comply with Rule 84.04(h). In addition to its mandatory requirements, Rule 84.04(h) allows an appendix to set forth matters pertinent to the issues discussed in the brief "such as copies of exhibits, excerpts from the written record, and copies of new cases or other pertinent authorities." Eastern District Rule 365 provides in part:

> Copies of exhibits or excerpts from the record may be included in the appendix only if the exhibits and the excerpted portions of the record are properly filed and made a part of the record on appeal in accordance with either Supreme Court Rule 30 or 81.

▮▮ Appellant did not file an appendix with his brief, as required by Rule 84.04(h). We subsequently ordered appellant to file an appendix that complied with Rule 84.04(h) and Rule 365 or his brief would be stricken. We specifically directed appellant to bind an appendix less than 30 pages with his original brief or with an amended brief. Appellant subsequently filed an appendix, but it does not comply with Rule 84.04(h) in several respects. The appendix is less than 30 pages long, but was filed separately from the brief. In addition, it contains an exhibit list filed in the trial court and a lengthy motion to dismiss that has a docket number from a different case. Neither document is in the record on appeal. "The mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal." *State ex rel. Miss. Lime v. Missouri Air,* 159 S.W.3d 376, 380 n. 2, n. 10

(Mo.App.2004). We do not consider documents in an appendix that are not in the record on appeal. *In re Marriage of Weinshenker,* 177 S.W.3d 859, 864 (Mo.App.2005). Inclusion of improper documents in an appendix defeats the value of the appendix and increases the amount of paper the court must manage in attempting to locate the relevant and pertinent material in an appendix. *See Grace Advisors, Inc. v. Shannon,* 130 S.W.3d 750 (Mo.App.2004).

### 5. *Record on Appeal—Rule 81.12*

▮▮ Rule 81.12(a) provides, "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." "Appellant is responsible for depositing all exhibits that are necessary for the determination of any point relied on." Rule 81.12(e). *See St. ex rel. Mo. Highways & Transp. v. Legere,* 706 S.W.2d 560, 565 (Mo.App.1986). Appellant's second point complains of the trial court's reliance on a petition filed by respondent, but he has not provided the petition in the record on appeal. This failure prevents us from reviewing appellant's second point. Appellant's third point is directed to the exclusion of evidence, but he has not provided us with copies of the excluded exhibits. When an appellant, who is seeking to challenge a trial court's exclusion of an exhibit, fails to make that exhibit part of the record on appeal, we cannot determine the appropriateness of its admission or exclusion. *See Jenkins v. Revolution Helicopter Corp., Inc.,* 925 S.W.2d 939, 944 (Mo.App.1996). This failure precludes us from reviewing appellant's third point. *See Miller v. City of Kansas City,* 121 S.W.3d 313, 318 (Mo.App.2003).

Rule 81.12(a) further provides:

The legal file shall be so labeled with a cover page and contain clearly reproduced exact copies of the pleadings and other portions of the trial record previously reduced to written form. The documents in the legal file shall be arranged with a docket sheet or case record on top numbered as page 1. The oldest document shall follow the docket sheet, with the remaining documents arranged in chronological order, ending with the notice of appeal at the bottom. In addition, Rule 81.12(c) requires an appellant to file an index to the legal file.

 In this case, the notice of the appeal is placed after the docket sheet, the remaining documents are not arranged in any chronological order, and some documents are included more than once. It also contains a lengthy petition that appears to have been filed in a separate civil case. Further, many pages are not numbered, or, if numbered, are not in sequence. The index, which was not attached to the legal file, lists inaccurate page numbers and does not list every document contained in the legal file. "The purpose of the legal file is to give the appellate court exact copies of the relevant documentary record necessary to decide the issues on appeal and to facilitate the accessibility of these documents." *Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 516 (Mo.App.1998). *See also Krastanoff v. Williams,* 231 S.W.3d 205, 206 (Mo.App. 2007). Appellant's failure to provide an accurate legal file hinders, rather than assists, the location of any particular document and places an unfair burden on the court to review the legal file page by page in order to find the desired document. *See Fritz,* 243 S.W.3d at 489; *Kent,* 972 S.W.2d at 516. Without a proper record on appeal, this court has nothing to review. *Krastanoff,* 231 S.W.3d at 206.

*Conclusion*

 "*Pro se* parties are bound by the same rules of procedure as parties represented by lawyers, and are not entitled to indulgences they would not have received if represented by counsel. While this court recognizes the problems faced by *pro se* litigants, we cannot relax our standards for non-lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Elkins v. Elkins,* 257 S.W.3d 617, 618 (Mo. App.2008) (quoting *Kittle v. Kittle,* 31 S.W.3d 127, 129 (Mo.App.2000)). The deficiencies in the brief and in the record on appeal would require us to ferret out the facts, reconstruct the points and issues, decipher the arguments, and do our own legal research to determine whether appellant is entitled to relief. *See Fritz,* 243 S.W.3d at 489; *Watson–Tate v. St. Louis School Dist.,* 87 S.W.3d 358, 360 (Mo.App. 2002). We are not required to, and should not, become advocates for an appellant in this manner. *See Fritz,* 243 S.W.3d at 489; *Watson–Tate,* 87 S.W.3d at 360. *See also Thummel,* 570 S.W.2d at 686.

Rule 84.13(a) provides that allegations of error not properly briefed "shall not be considered in any civil appeal." *See Fritz,* 243 S.W.3d at 489. Because of its substantial failure to comply with Rule 84.04, the brief is inadequate to invoke the jurisdiction of this court and preserves nothing for review.

The appeal is dismissed.[1]

---

1. Respondent's motion for sanctions is denied. However, we relieved respondent of

the duty of filing a respondent's brief or appearing for oral argument.