David B. WASHINGTON,
Plaintiff/Appellant,

v.

Dennis S. GORDEN,
Defendant/Respondent.

No. ED 91611.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 14, 2009.

the duty of filing a respondent's brief or appearing for oral argument.

See also 286 S.W.3d 818, 2009 WL 981897.

David B. Washington, St. Louis, MO, pro se.

Matthew S. Chase, The Chase Law Firm, PC, St. Louis, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., MARY K. HOFF, J., and KENNETH M. ROMINES, J.

PER CURIAM.

■ Appellant, David B. Washington, filed a petition for an Order of Protection against respondent, Dennis S. Gorden, pursuant to section 455.020 RSMo (2000). After an evidentiary hearing, the trial court determined that appellant had not proved the allegation of abuse and denied appellant's request for a full order of protection in a written judgment. Appellant appeals *pro se.* We dismiss the appeal for failure to comply with the rules of appellate procedure.

## 1. *Brief*

With one exception, appellant's statement of facts, two points on appeal, and argument are virtually identical to the statement of facts, Points I and III, and the arguments under Points I and III in the brief appellant filed in *Washington v. Blackburn,* ED91610, 286 S.W.3d 818, 2009 WL 981897 (Mo.App. Apr. 14, 2009), being handed down concurrently herewith. The exception is that the brief in this appeal omits a paragraph that was contained in the *Blackburn* statement of facts and a paragraph that was contained in the *Blackburn* argument, both of which relate to the *Blackburn* respondent's petition for a protective order against appellant. This omission does not affect or in any way cure the deficiencies in this brief. The brief fails to comply with Rule 84.04 for the same reasons set out in our opinion in *Blackburn.*

## 2. *Appendix*

The appendix also fails to comply with Rule 84.04(h). In addition to its mandatory requirements, Rule 84.04(h) allows an appendix to set forth matters pertinent to the issues discussed in the brief "such as copies of exhibits, excerpts from the written record, and copies of new cases or other pertinent authorities." Eastern District Rule 365 provides in part:

> Copies of exhibits or excerpts from the record may be included in the appendix only if the exhibits and the excerpted portions of the record are properly filed and made a part of the record on appeal in accordance with either Supreme Court Rule 30 or 81.

■ Appellant did not file an appendix with his brief, as required by Rule 84.04(h). We subsequently ordered appellant to file an appendix that complied with

Rule 84.04(h) and Rule 365 or his brief would be stricken. Appellant subsequently filed an appendix, but it does not comply with Rule 84.04(h) because it contains documents that are not in the record on appeal. The appendix contains copies of exhibits, an exhibit list filed in the trial court, and documents from a small claims proceeding filed by appellant against respondent in 2004. None of these documents are in the record on appeal. "The mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal." *State ex rel. Miss. Lime v. Missouri Air*, 159 S.W.3d 376, 380 n. 2, n. 10 (Mo.App.2004). We do not consider documents in an appendix that are not in the record on appeal. *In re Marriage of Weinshenker*, 177 S.W.3d 859, 864 (Mo.App.2005). Inclusion of improper documents in an appendix defeats the value of the appendix and increases the amount of paper the court must manage in attempting to locate the relevant and pertinent material in an appendix. *See Grace Advisors, Inc. v. Shannon*, 130 S.W.3d 750 (Mo.App.2004).

3. *Record on Appeal*

Appellant's record on appeal, including the legal file, fails to comply with Rule 81.12 in substantially the same respects and for the same reasons that are set out in our opinion in *Blackburn*.

For the reasons set out in *Blackburn*, the brief and record on appeal are inadequate to invoke the jurisdiction of this court and preserve nothing for review. The appeal is dismissed.