David B. WASHINGTON,
Plaintiff/Appellant,

v.

George W. GILLESPIE,
Defendant/Respondent.

No. ED 91974.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 14, 2009.

See also 286 S.W.3d 818, 2009 WL 981897.

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

_____

David B. Washington, St. Louis, MO, pro se.

Matthew S. Chase, The Chase Law Firm, PC, St. Louis, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., MARY K. HOFF, J., and KENNETH M. ROMINES, J.

PER CURIAM.

Appellant, David B. Washington, filed a petition for an Order of Protection against respondent, George W. Gillespie, pursuant to section 455.020 RSMo (2000). After an evidentiary hearing, the trial court determined that appellant had not proved the allegation of abuse and denied appellant's request for a full order of protection in a written judgment. Appellant appeals *pro se*. We dismiss the appeal for failure to comply with the rules of appellate procedure.

1. *Brief*

Appellant's statement of facts, two points on appeal, and argument are virtually identical to the statement of facts, Points I and II, and the arguments under Points I and II in the appellant's brief filed in *Washington v. Blackburn*, ED91610, 286 S.W.3d 818, 2009 WL 981897 (Mo.App. Apr. 14, 2009), being handed down concurrently herewith. Appellant's brief fails to comply with the rules of appellate procedure for the same reasons set out in *Blackburn*.

2. *Appendix*

Although appellant filed his appendix with his brief, the appendix contains the same extraneous materials as the appendix he filed in *Blackburn*, and it fails to comply with Rule 84.04(h) and Eastern District Rule 365 for the same reasons.

3. *Rule 81.12—Record on Appeal*

■ Rule 81.12(a) provides, "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." "Appellant is responsible for depositing all exhibits that are necessary for the determination of any point relied on." Rule 81.12(e). *See St. ex rel. Mo. Highways & Transp. v. Legere*, 706 S.W.2d 560, 565 (Mo.App.1986). Appellant's second point complains of the trial court's reliance on a petition filed by respondent, but appellant has not provided the petition in the record on appeal. This failure prevents us from reviewing appellant's second point.

Rule 81.12(a) further provides:

The legal file shall be so labeled with a cover page and contain clearly reproduced exact copies of the pleadings and other portions of the trial record previously reduced to written form. The documents in the legal file shall be arranged with a docket sheet or case record on top numbered as page 1. The oldest document shall follow the docket sheet, with the remaining documents arranged in chronological order, ending with the notice of appeal at the bottom.

In addition, Rule 81.12(c) requires an appellant to file an index to the legal file.

■ In this case, the legal file contains the most recent documents after the docket sheet and ends with the oldest document being placed before the notice of

appeal. The index to the legal file does not list every document contained in the legal file. "The purpose of the legal file is to give the appellate court exact copies of the relevant documentary record necessary to decide the issues on appeal and to facilitate the accessibility of these documents." *Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 516 (Mo.App.1998). *See also Krastanoff v. Williams,* 231 S.W.3d 205, 206 (Mo.App.2007). Without a proper record on appeal, this court has nothing to review. *Krastanoff,* 231 S.W.3d at 206.

*Conclusion*

For the reasons set out above and fully explained in *Blackburn,* the brief and record on appeal are inadequate to invoke the jurisdiction of this court and preserve nothing for review. The appeal is dismissed.