

# Missouri Court of Appeals

## Southern District

### Division Two

FIFTH THIRD BANK,                           )

                Respondent,         )

     vs.                         )  No. SD35767

ESTATE OF PATRICIA LYNN SHAW-SCHNELLER, ) FILED: November 5, 2019
a/k/a PATRICIA SCHNELLER, DECEASED,
CARNEY SCHNELLER,
a/k/a CARNEY J. SCHNELLER, DECEASED,

                Defendants,

JANET LEA SCHNELLER,
a/k/a JANET LEA COLLIER,

                Appellant,

and NCMIC FINANCE CORPORATION,

                Defendant.

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane, Judge

## APPEAL DISMISSED

*Before Scott, P.J., Bates, C.J., and Sheffield, J.*

PER CURIAM. Appellant appeals pro se from a land-title judgment. Her brief's severe Rule 84.04 violations compel us to dismiss.

We will not detail all deficiencies, but focus only on the brief's "Points Relied On" and "Argument" sections quoted below, without correction, in their entirety:

## POINTS RELIED ON

### I

THE TRIAL COURT ERRED IN THAT IT DENIED APPELLANT'S FIRST MOTION TO DISMISS BECAUSE IT WAS CONTRARY TO LAW (MO.ANN.STAT. § 570.145(1)).

### II

THE TRIAL COURT ERRED IN THAT IT DENIED APPELLANT'S SECOND MOTION TO DISMISS BECAUSE IT WAS CONTRARY TO LAW (15 U.S.C. § 1639 (C) SUBTITLE F AND SUBTITLE H; DODD-FRANK ACT §1498)

## ARGUMENT

### I

THE TRIAL COURT ERRED IN IT'S RULING THAT DENIED THE APPELLANT'S MOTION EVEN AFTER THE APPEALLANT PROVIED SUBSTANTIAL EVIDENCE TO HAVE THE CASE DISMISSED, AND BY DOING SO ALLOWED THE TRIAL COURT TO ENTER INTO A JUDGEMENT AGAIST THE APPELLANT (Tr 196-198) THAT WOULD NOT HAVE BEEN MADE HAD TRIAL COURT NOT RULED CONTRARY TO THE LAW IN APPELLANT'S MOTION.

### II

THE TRIAL COURT ERRED IN IT'S RULING DENIED THE APPELLANT'S MOTION EVEN AFTER THE APPELLANT PROIVED SUBSTANTIAL EVIDENCE TO HAVE THE CASE DISMISSED AND ALLOWED THE TRIAL COURT TO ENTER INTO A JUDGEMENT AGAINST THE APPELLANT (Tr 196-198) THAT WOULD NOT HAVE BEEN MADE HAD TRIAL COURT NOT RULED CONTRARY TO THE LAW IN THE APPELLANT'S MOTION.

The following fairly describes Appellant's flawed points:

Each of these points fails to state concisely the legal reasons for the claim of reversible error and to explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error, as Rule 84.04(d)(1)

2

requires. All of appellant's points are so unintelligible that this court would have to rewrite them prior to reviewing them.

The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts. The purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review. A point relied on that fails to comply with Rule 84.04(d) preserves nothing for appeal.

***Washington v. Blackburn***, 286 S.W.3d 818, 821 (Mo.App. 2009)(citations and quotation marks omitted).

As for the argument required by Rule 84.04(e), there essentially is none. Such argument should show how legal principles interact with the facts of the case; *i.e.*, "why, in the context of the case, the law supports the claim of reversible error." ***Washington***, 286 S.W.3d at 821. If we try to think up arguments for Appellant, we abandon neutrality to become her advocate, something we cannot do. ***Henson v. Henson***, 195 S.W.3d 479, 484 (Mo.App. 2006).

We have said enough. The point is not to criticize Appellant, but to concisely explain why her brief is so flawed that we cannot proceed. Appeal dismissed.