

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| ACWSTL, LLC DBA ADVANTACLEAN OF WEST ST. LOUIS COUNTY, | ) | No. ED111007 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 21SL-AC07353 |
| | ) | |
| TREISA GLADNEY, | ) | Honorable Jeffrey P. Medler |
| | ) | |
| Appellant. | ) | Filed: August 22, 2023 |

Before Lisa P. Page, PJ., Gary M. Gaertner, Jr., J., and Angela T. Quigless, J.

## OPINION

Treisa Gladney (Gladney) appeals from the judgment of the trial court in favor of AdvantaClean of West St. Louis County, LLC (ACWSTL) on its claim for unjust enrichment. The appeal is dismissed.

## Background

ACWSTL filed a petition against Gladney for her alleged refusal to pay for goods and services following fire damage to her apartment. Gladney asserted multiple counterclaims. Following a bench trial, the court entered judgment in favor of ACWSTL. This appeal follows.

## Discussion

Gladney raises two points on appeal. In response to Gladney's brief, ACWSTL filed a motion to dismiss for briefing deficiencies and because the legal file was incomplete. We

granted Gladney time to file a compliant brief and correct the deficiencies in her record on appeal. She subsequently filed an amended brief and additional index of exhibits. ACWSTL filed a second motion to dismiss, alleging Gladney's points on appeal violated Rule 84.04(d) and (e),[1] and were so deficient that it was not possible to discern her claims of error on appeal. We agree.

*Analysis*

Rule 84.04 sets forth the requirements for briefs filed with all appellate courts, and these requirements are mandatory. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). While we prefer to reach the merits of a case, sometimes excusing technical deficiencies in a brief, we will not do so if the brief is so deficient it requires this court to serve as an advocate for any party to an appeal. *Id*. A point relied on which does not state "wherein and why" the trial court erred fails to comply with Rule 84.04(d). *Id*. In addition, pursuant to Rule 84.04(e), an argument must explain why, in the context of the case, the law supports a claim of reversible error. Essentially, the failure to comply with these rules preserves nothing for this court to review. *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009). Unfortunately, neither of Gladney's points on appeal reach a minimal threshold of compliance with the mandatory briefing requirements sufficient for appellate review.

**Points I and II**

Gladney's first point on appeal states as follows:

> The Court made an error by finding [ACWSTL] presented **sufficient evidence** to succeed in a quasi-contractual claim; **because** [ACWSTL] did not provide an affidavit per Rule 490.525 to demonstrate sufficient evidence of "necessary" and "reasonable value" under Quantum Meruit; **in that,** the contractual agreement authorized [ACWSTL] to proceed with any necessary services; elements of Quantum Meruit require that Plaintiff prove services were "necessary" and of "reasonable value" through the form of an affidavit, which was not provided by

---

[1] All references to Rules are to Missouri Supreme Court Rules (2022).

Plaintiff; as a result, the elements of Quantum Meruit were not met, the judgment must be reversed. (emphasis in original)

In point two she states:

The Court erred in failing to recognize that Gladney did provide sufficient evidence to substantiate her claims against [ACWSTL]; **because** the contractual language indicating that [ACWSTL] breached its duties ought to have been considered by the Court; **in that,** the lack of formal documentation of valuation of loss was due an inadequate statement of loss provided by the company; Gladney's pleading and testimony clearly demonstrate that [ACWSTL] failed to perform Pack-out and Inventory services adequately and negligently, despite being contracted to do so under the emergency services agreement, causing total loss of property, with an undisputed value of five million dollars that must be awarded. (emphasis in original)

As stated above, Rule 84.04 requires a point relied on to concisely state the legal reasons for the claim of error and summarily explain why, in the context of the case, the legal reasons support the claim of reversible error. In addition, Rule 84.04(d) requires separate points to challenge separate claims of error. *Lexow*, 643 S.W.3d at 505-06. "Consolidating 'multiple, independent claims' into a point is not permitted," and such multifarious points further preserve nothing for review. *Id*. at 506 (internal citations omitted).

Both of Gladney's points claim numerous independent allegations of error. Gladney's first point claims separate instances of error regarding proof of ACWSTL's claims such as failure to provide an affidavit pursuant to Section 490.525 RSMo (2016) and multiple independent allegations regarding the elements of a claim for quantum meruit in her argument. In point two, Gladney contends the court erred in "failing to recognize" she presented sufficient evidence to prove her counterclaims against ACWSTL, as well as asserting error regarding the court's consideration of contract language, lack of formal documentation of the valuation of loss, services she alleges were not performed, and an argument regarding her total loss of five million dollars which she asserts was undisputed.

3

We simply cannot discern the arguments supporting her points on appeal without searching the transcript and record to discover whether each separate contention is preserved and to determine the facts which substantiate the various arguments. This we cannot do. While we recognize Gladney is acting *pro se* and acknowledge the record reflects her strenuous efforts to properly advance her arguments on appeal, we must hold *pro se* appellants to the same standards as parties represented by lawyers. *Washington*, 286 S.W.3d at 823. We will not serve as an advocate for any party to an appeal at the expense of judicial impartiality and fairness. *Id*. As a result of Gladney's substantial failure to comply with Rule 84.04, her brief preserves nothing for review and the appeal must be dismissed.

## CONCLUSION

The appeal is dismissed.

_____
Lisa P. Page, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J., concur.

4