

# In the Missouri Court of Appeals
## Eastern District
**DIVISION THREE**

| | | |
|---|---|---|
| GERALD B. PUETZ, DAVID MICHAEL PUETZ, AND JEANNETTE M. PUETZ, | ) ) ) | No. ED110934 |
| Appellants, | ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) | 16SL-CC03837 |
| CANICE TIMOTHY RICE | ) ) | Honorable Richard M. Stewart |
| Respondent. | ) | Filed: August 29, 2023 |

Before Lisa P. Page, PJ., Gary M. Gaertner, Jr., J., and Angela T. Quigless, J.

## OPINION

Siblings David M. Puetz, Jeannette M. Puetz, and Gerald B. Puetz (Puetzes) appeal from the trial court's judgment enforcing a lien filed by their former attorney, Canice Timothy Rice (Rice), against their shares of a partition sale. We dismiss the appeal, grant Rice's motion for attorney's fees and remand for further proceedings.

## Background

The instant appeal, which we denominate *Puetz V*, began in October 2016, when two other Puetz siblings filed a lawsuit to partition their ownership interest in several real estate properties in the Franklin and St. Louis County circuit courts. The Puetzes counterclaimed also seeking partition and claiming unjust enrichment. These lawsuits have spawned prodigious litigation and appeals that we set forth here for clarity.

In late 2019, the Puetzes retained Rice – their seventh attorney. On January 28, 2020, at a sanction hearing in St. Louis County preceding trial, Rice withdrew as attorney for David and Jeannette Puetz, at their request. He continued to represent Gerald Puetz. On the same day, all parties entered into a consent judgment signed by each of the five Puetz siblings, Rice, and the plaintiffs' attorney, which provided for the sale of the properties at issue followed by a distribution of the proceeds. After Gerald Puetz terminated Rice, he joined David and Jeannette in appealing the consent judgment, which was dismissed for improperly challenging the court's subject matter jurisdiction. *Puetz-Anderson v. Puetz*, 629 S.W.3d 95, 98 (Mo. App. E.D. 2021) (*Puetz I*). Although motions were filed objecting to the deficient brief and appendix, this court rendered them moot because it dismissed the appeal on other grounds. *Id.* at 96 n.1.

The Puetzes filed another notice of appeal in July 2021 from their lawsuit for partition of eight tracks of property and contribution. *Puetz v. Puetz*, ED109770 (Mo. App. E.D. August 24, 2021) (mandate issued September 14, 2021) (*Puetz II*). The trial court's interlocutory judgment specifically stated the case remained pending as to Track I, while the court granted summary judgment on the partition and contribution counts for all the other tracks of land. The Puetzes listed twenty-seven issues to be argued on appeal. However, this court dismissed the case on the respondent's motion for a lack of a final, appealable judgment.

In addition to the appeals from the St. Louis County proceedings, the Puetzes appealed a Franklin County trial court's judgment denying the Puetzes' motion to set aside the default judgment entered against them and in favor of another former law firm, Zick, Voss, Politte & Richardson. *Zick, Voss, Politte & Richardson v. Puetz*, 629 S.W.3d 843, 844 (Mo. App. E.D. 2021) (*Puetz III*). Despite substantial briefing deficiencies, this court exercised its discretion to reach the merits of their appeal because the court could discern the issues based upon the record and arguments before it and reversed the Franklin County judgment, holding the Puetzes were

not in default as a matter of law pursuant to Section 517.031.2.[1] *Id.* at 845 n.3. Therefore, the trial court erred by applying Rule 55.25(a) of the Missouri Rules of Civil Procedure and Rule 74.05(a)[2] and in failing to set aside the default judgment. *Id.* at 844.

Most recently, in *Puetz IV*, the Puetzes appealed from the judgment granting a motion to enforce the terms of the consent judgment, which was affirmed in *Puetz I*. The trial court held them in contempt for "contemptuous misconduct that demonstrates a blatant disregard and disobedience of the terms and conditions of the Judgment," and awarded attorney's fees to the opposing party. However, this court was unable to determine the alleged errors on appeal and dismissed it for failure to file a brief that conformed with the Missouri Supreme Court Rules 84.04, 84.06, and 84.08. *Puetz v. Puetz*, ED110858 (Mo. App. E.D. June 5, 2023) (mandate issued on June 27, 2023).

The instant appeal, *Puetz V*, arose on July 7, 2022, when Rice filed his verified motion to enforce his attorney's lien against his former clients, the Puetzes. After an evidentiary hearing, the trial court entered judgment on July 26, 2022, ordering the amount of the lien then due – $22,050, plus nine percent interest from October 9, 2020 – against the shares of the Puetzes in the proceeds of the partition sale until the lien was paid in full. This appeal follows.

## Discussion

The Puetzes allege two points on appeal, both of which are unintelligible and not readily deciphered for this court to reach the merits of their arguments. Rice initially filed a motion to strike the Puetzes' brief and appendix and to suspend the briefing schedule. However, the motion to suspend was denied and the motions to strike were ordered taken with the case. Rice then filed a respondent's brief, as well as an amended motion to strike the Puetzes' brief and

---

[1] Statutory references are to Revised Statutes of Missouri (Cum. Supp. 2020).
[2] Rule references are to the Missouri Supreme Court Rules (2020).

motion to dismiss the appeal, along with a motion for attorneys' fees on appeal and an alternative motion for damages for a frivolous appeal, which were also taken with the case.

### *Dismissal of Appeal*

Rice argues the Puetzes have failed to comply with Rule 84.04, and their claims are so deficient that it is not possible to discern the claims of error on appeal. We agree. Rule 84.04 sets forth the requirements for briefs filed with all appellate courts, and these requirements are mandatory. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). While we prefer to reach the merits of a case, sometimes excusing technical deficiencies in a brief, we will not do so if the brief is so deficient it requires this court to serve as an advocate for any party to an appeal. *Id.* We recognize the Puetzes are acting *pro se,* but judicial impartiality and fairness mandate that we hold *pro se* appellants to the same standards as parties represented by lawyers. *Washington v. Blackburn*, 286 S.W.3d 818, 823 (Mo. App. E.D. 2009). In spite of our diligent endeavor to comprehend and rule on the merits, we conclude that the appeal must be dismissed for its substantial failure to comply with the requirements of Rule 84.04.

To begin our analysis of the Puetzes' briefing deficiencies, we note that the points relied on in a brief are central to our consideration and must provide notice to both the opposing party and the court regarding the issues presented for review. *Lexow*, 643 S.W.3d at 505. A point relied on which does not state the "wherein and why" the trial court erred fails to comply with Rule 84.04(d) and preserves nothing for review. *Id.* In addition, Rule 84.04(e) requires an argument to explain why, in the context of the case, the law supports a claim of reversible error. The failure to comply with Rule 84.04(e) also preserves nothing for review. *Washington*, 286 S.W.3d at 821.

It is impossible to paraphrase the Puetzes' first point relied on, so we quote:

The trial court erred in filing entry of void judgment because, it attempts to create a lien for defendants' attorney against property that is under partition suit, in that

4

such lien is not authorized or to be allowed by Missouri statute (action is without statutory jurisdictional authority), outside of jurisdictional authority of subject matter, and contrary to the authority and required instruction of Munday v. Thielecke etc. and is reversible judgment error in this case because judgment is proximate cause of undue harm and further continued prejudice to we3 [sic] Defendants/Appellants due substantial rights in this case, No. 16SL-CC03837, and to the land, as such, such judgment is reversible error in the context of this case because we3 [sic] are aggrieved parties to judgment that is unduly subjected to tortious interference, impact against our efforts to save properties toward use of 528.xxx in-kind partition and save the family farm act 528.700-750 provisions, through respondent continuing tortious interference, breach of fiduciary duty, conflict of interest, and breach of attorney/client confidence, and also creates tortious against us in underlying case toward property to be deemed heirs property and saved.

We cannot determine what the Puetzes believe the trial court did in error and/or the legal reasons why it was wrong. "Abstract statements of law, standing alone, do not comply with this rule. Any reference to the record shall be limited to the ultimate facts necessary to inform the appellate court and the other parties of the issues. Detailed evidentiary facts shall not be included." Rule 84.04(d)(4). The Puetzes' argument merely consists of a list of bare conclusions, without an indicium of support in the record or a developed legal analysis. There is nothing preserved for this court to review. *Porter v. Santander Consumer USA, Inc.*, 590 S.W.3d 356, 358 (Mo. App. E.D. 2019).

This failure is exacerbated because the Puetzes' argument fails to include a concise statement of how the error was preserved, and its factual assertions fail to cite specific page references to the record on appeal as required. Rule 84.04(e). "It is not our duty to supplement the deficient brief with our own research, thus noncompliance with Rule 84.04(e) justifies dismissal." *Burgan v. Newman*, 618 S.W.3d 712, 716 (Mo. App. E.D. 2021) (citing *City of Bellefontaine Neighbors v. Carroll*, 597 S.W.3d 335, 340 (Mo. App. E.D. 2020)). Moreover, the Puetzes allege multiple, independent errors within a single point, also in violation of Rule 84.04 because they are considered "multifarious" and preserve nothing for appellate review. *Walker v.*

5

*A1 Solar Source Inc.*, 658 S.W.3d 529, 540 (Mo. App. W.D. 2022) (quoting *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019)). As such, the first point must be dismissed.

The Puetzes' second point on appeal is also impossible to comprehend and merely alleges the trial court erred in assessing the amount of the lien without due process of law. The Puetzes then recite a standard of review but provide no citation to the record nor to any legal authority to develop any argument. "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 585 (Mo. App. E.D. 2009). Thus, we find the Puetzes' second point abandoned and dismiss it as well.

### *Award of Attorney's Fees*

Rice seeks an award of attorney's fees on appeal and alternatively for damages for a frivolous appeal. As discussed *supra*, the appellate briefing is deficient such that it is a strain on both judicial resources as well as the resources of the opposing party. Although "Missouri courts adhere to the 'American Rule,' which provides that each litigant should bear his or her own expenses," exceptions to this general rule are permitted in the rare circumstances when "a party's conduct is frivolous, without substantial legal grounds, reckless, or punitive." *Davis v. Johnson Controls, Inc.*, 549 S.W.3d 32, 40 (Mo. App. E.D. 2018) (internal citations omitted).

As previously discussed, it is impossible to discern a justiciable question in either point. In fact, the entire appeal "is so devoid of merit" that there is no prospect it can succeed. *See Snelling v. Chrysler Motors Corp.*, 859 S.W.2d 755, 756 (Mo. App. E.D. 1993). The Puetzes solely assert several unpreserved, conclusory accusations against Rice, to include "breach of fiduciary duty, lack of compliance with standard [sic] of professional conduct, fraud, deception," "conflict [of] interest and violation of attorney client privilege, abuse of process," and "malpractice." Not only are these unfounded attacks on their seventh attorney made without a

6

single citation to facts in the record on appeal or even legal arguments, but they are contrary to the unchallenged findings of the judgment on appeal. Even if the Puetzes somehow properly challenged this judgment based on a claim against Rice, their lack of citations to the record make their claims reckless as we are unable to decipher what actions were or were not taken and what legal bearing that had on their case.

We do not wish to limit the rights of any appellant. However, the Puetzes have filed no less than four prior appeals in the course of their contentious litigation against their siblings and not one brief has so much as winked at Rule 84.04, much less bothered to comply with it. As a general rule, while "appellate courts have the authority to allow and fix the amount of attorney's fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested." *Berry v. Volkswagen Group of Amer., Inc.*, 397 S.W.3d 425, 433 (Mo. banc 2013) (internal quotations omitted). After careful consideration of the litigation in both the trial court and this court, we deem it necessary to award Rice reasonable attorney's fees and expenses on appeal. We remand to the trial court to determine those fees. We further order that Rice shall be awarded his reasonable fees and expenses incurred upon remand.

### Conclusion

The appeal is dismissed and the cause is remanded for the trial court to determine the reasonable amount the Puetzes shall pay Rice for attorney's fees and expenses on appeal and remand.

_____
Lisa P. Page, Presiding Judge

Gary M. Gaertner, Jr., J and
Angela T. Quigless, J., concur.