

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ROY RENEGAR, ET AL., | ) | No. ED113102 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court of |
| | ) | Jefferson County |
| vs. | ) | Cause No. 18JE-CC00005 |
| | ) | |
| RICHARD BORMAN, ET AL., | ) | Honorable Joseph A. Rathert |
| | ) | |
| Respondents. | ) | Filed: April 8, 2025 |

### Introduction

Roy Renegar and R&R Propane, LLC (collectively, "Renegar") appeal the circuit court's judgment overruling his motion to compel arbitration against Richard Borman, Laura Borman, and Borman Propane, LLC (collectively, "Borman"). Renegar raises five points on appeal, all alleging the circuit court erred in overruling his motion to compel arbitration. In Point I, Renegar argues the circuit court ignored Missouri's public policy of actively enforcing arbitration agreements. In Point II, Renegar contends the circuit court did not consider the entire consent order when making its ruling. In Point III, Renegar asserts the circuit court ignored Borman's admission an arbitration agreement existed. In Point IV, Renegar claims the circuit court's interpretation of the consent order rendered its provisions meaningless. In Point V, Renegar argues the circuit court erred in not holding an evidentiary hearing to determine whether an arbitration agreement existed.

This Court dismisses Renegar's brief for failure to comply with Missouri Supreme Court Rule 84.04's appellate briefing requirements.[1]  Renegar's appeal is dismissed.

**Factual and Procedural History**

Since January 2018, the parties have engaged in complex litigation challenging R&R Propane's ownership, business practices, valuation, and assets.  Relevant to this appeal are the parties' protracted discovery disputes and the circuit court's effort to resolve the parties' claims.  On September 27, 2023, the circuit court suggested the parties consider submitting their factual disputes to arbitration.  Borman's attorney, Allison Sweeney ("Sweeney"), asked the circuit court to create a record of the parties' concerns ("September 2023 hearing").  Renegar's attorney, Lawrence Kaplan ("Kaplan"), did not object and participated.   Sweeney stated there were "outstanding discovery issues that may have an impact on the case" which would determine whether Borman would agree to arbitration.   Sweeney stated she was "fine" with going to arbitration:

> so long as we can ensure that these issues are appealable to the appellate court, and that these discovery issues are fully heard, fully vetted.  And if that takes us in another direction, we aren't handcuffed to this arbitration.  Like, if you say this changes everything, this needs to be produced, and I'm striking every pleading, I don't want to have to be required to go to arbitration under those circumstances.

The circuit court clarified it would address the discovery and summary judgment motions before the parties went to arbitration, but asked:

> [i]f there's a disagreement about how I rule on something as part of the discovery portion of that process, you want to retain the ability to say, in light of this ruling that we disagree with, we are no longer on board with the arbitration, and we want to proceed to a jury trial?

---

[1] All rule references are to Missouri Rules of Civil Procedure 2024.

Sweeney answered, "That's fair." She reiterated her concern about appealing an arbitration decision before waiving Borman's right to a jury trial and wanted to research the issue. The following exchange occurred:

> The Court: … I'm willing to make an assurance on the record right now. And you can read it back to me at a transcript later on. If it turns out that you can't, for some reason --
>
> Ms. Sweeney: Right.
>
> The Court: -- you reserve your right to appeal. I'm not going to -- I'm not going to turn you around on that.
>
> Ms. Sweeney: That's fine.
>
> The Court: I believe that you can reserve the right to appeal. I think [Kaplan] agrees with that. If it turns out that all of us are wrong about that. And you can say, oh, shoot, I just found this case that says you can't -- you get a jury.
>
> Ms. Sweeney: Okay.
>
> The Court: I'm not going to turn you around on that.

The circuit court asked if the parties should go off of the record to draft the order. Sweeney requested to stay on the record "[s]o that when we got back, if there is a problem, we can say this is what the spirit of the agreement was." The parties remained on the record while crafting language to reflect "significant issues" which would allow the parties to forego arbitration.

The circuit court entered a consent order reflecting language Sweeney suggested and Kaplan agreed to, which stated:

> 1. The Parties shall submit all motions related to the production of discovery no later than October 17, 2023. The Court will hear motions related to discovery on October 24th, 2023 at 9a.[m].
>
> 2. The Parties will submit all motions for summary judgment by December 4, 2023, responses due January 5, 2024 and same will be argued on February 9th, 2024 at 9:00 am.

3. Any supplemental or additional reports produced by previously identified experts shall be produced no later than November 17, 2023.

4. The Parties agree to binding arbitration unless discovery motions lead to the discovery of evidence that substantially impacts genuine issues of material fact at the discretion of the Court.

The consent order contains a handwritten notation, "Vacate Jury trial."

The record reflects none of the consent order's deadlines regarding discovery, summary judgment, or expert report production were met. In January 2024, the cause was transferred to a new judge.

In April 2024, Renegar moved to compel arbitration. Renegar also raised several objections to the discovery Borman requested in an effort to demonstrate none of it would substantially impact genuine issues of material fact. Borman moved to stay arbitration, contending: (1) Sweeney expressed concerns about the appealability of an arbitration decision; (2) substantial issues regarding discovery existed; and (3) Renegar could not demonstrate an arbitration agreement as described in section 435.350, RSMo 2016 existed.[2] Borman attached transcript excerpts from the September 2023 hearing to the motion.

On October 29, 2024, the circuit court held a hearing ("October 2024 hearing") on several discovery motions and Renegar's motion to compel arbitration. Sweeney provided the circuit court with the full September 2023 hearing transcript to support her argument any agreement to arbitrate was conditioned on being owed substantial discovery and the arbitration award's appealability. Kaplan did not object to the circuit court receiving or considering the September 2023 hearing transcript despite initially arguing the circuit court was confined to examining the four corners of the consent order when making its ruling. After hearing extensive

---

[2] All statutory references are to RSMo 2016.

argument and reviewing the September 2023 hearing transcript, the circuit court overruled Renegar's motion to compel arbitration. This appeal follows.

**Discussion**

"Although our preference is to decide cases on their merits, deficient briefs hinder our ability to review the merits of the issues raised." *Jones v. Impact Agape Ministries*, 693 S.W.3d 122, 126 (Mo. App. E.D. 2023). "Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "Rule 84.04's requirements are mandatory." *Id.* (quoting *Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 583 (Mo. banc 2021)). "Rule 84.04 is not designed to hamstring appellants with hyper-technicalities." *Parkside Fin. Bank & Tr. v. Allen*, 688 S.W.3d 83, 87 (Mo. App. E.D. 2024). "Compliance with Rule 84.04 is essential to ensure that this Court retains its role as a neutral arbiter and avoids becoming an advocate for any party." *Jones*, 693 S.W.3d at 126 (quoting *Hutchison v. Dep't of Soc. Servs., Fam. Support Div.*, 656 S.W.3d 37, 40 (Mo. App. E.D. 2022)). Although Borman did not move to dismiss Renegar's appeal for Rule 84.04 violations, Borman points out Renegar's brief fails to conform with the rule in both its substance and form. This Court agrees.

First, Rule 84.04(b) requires the appellant to provide a jurisdictional statement. "The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of article V, section 3, of the Constitution upon which jurisdiction is sought to be predicated." *Id.* Renegar's jurisdictional statement cites section 435.440.1(1), the statutory authority to appeal an order denying an application to compel arbitration, but it does not invoke this Court's appellate jurisdiction under the Missouri Constitution.

Second, Rule 84.04(c) governs the statement of facts. "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. All statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." *Id*. In an order issued on December 10, 2024, this Court found Renegar's initial brief violated these requirements because it "fail[ed] to contain a fair and concise statement of facts relevant to the questions presented in the appeal with citation to specific page references to the record on appeal in the statement of facts and without argument …." Renegar subsequently filed an amended brief but only added legal file citations to support some factual assertions. He did not address this Court's finding his statement of facts did not include "facts relevant to the questions presented in the appeal … without argument." When a party fails to include the facts necessary to determine the issues presented on appeal or omits facts supporting the circuit court's findings, this violation, "standing alone, constitutes grounds for dismissal of an appeal." *Washington v. Blackburn*, 286 S.W.3d 818, 820 (Mo. App. E.D. 2009).

Third, Renegar's points relied on are deficient. Rule 84.04(d)(1) requires "a point on appeal shall: (A) identify the challenged ruling or action; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Kruse v. Karlen*, 692 S.W.3d 43, 48 (Mo. App. E.D. 2024). "The function of [points relied on] is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Id*. (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)). "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the

6

appellant's argument being understood or framed in an unintended manner." *Lexow*, 643 S.W.3d at 505. "Points relied on that do not comply with Rule 84.04(d) are grounds for dismissal." *Parkside Financial*, 688 S.W.3d at 88.

In the December 10, 2024 order addressing Renegar's initial brief deficiencies, this Court found the brief:

> fail[ed]to provide points relied on that specifically identify the action of the trial court being challenged, the legal reasons for [Renegar's] claim of reversible error, and why, in the context of the case, those legal reasons support the claim of reversible error, without consolidating multiple, independent claims into one point relied on, with citation to all authorities, not to exceed four, immediately following, and while following the specific form prescribed [in Rule] 84.04(d)(1) & (5).

Renegar's initial brief contained two points relied on:

> I. The circuit court erred when it denied [Renegar's] motion to compel arbitration in that it ignored Missouri's public policy of actively enforcing arbitration agreements and went outside the four corners of the consent order and failed to avoid interpretations of the consent order that would render provisions of the consent order meaningless.

> II. The circuit court erred when it denied [Renegar's] motion to compel arbitration in that [Borman] did not deny the existence of the arbitration agreement and alternately did the circuit court commit reversible error because the circuit court did not hold an evidentiary hearing to determine the existence of the arbitration agreement.

These points were multifarious because they grouped together multiple, independent claims rather than present a single claim of error. *See Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019). These points also failed to articulate the legal reasons for the claims of reversible error or explain why the legal reasons support the claim of reversible error.

In his amended brief, Renegar raises five points, which state:

> I. The circuit court erred when it denied [Renegar's] motion to compel arbitration in that it ignored Missouri's public policy of actively enforcing arbitration agreements.

7

II.  The circuit court erred when it denied [Renegar's] motion to compel arbitration when it failed to consider the consent order as a whole.

III.  The circuit court erred when it denied [Renegar's] motion to compel arbitration in that [Borman] admitted to the existence of the arbitration agreement.

IV.  The circuit court erred when it denied [Renegar's] motion to compel arbitration when it failed to avoid interpretations of the consent order that would render provisions of the consent order meaningless.

V.  The circuit court erred when it denied [Renegar's] motion to compel arbitration when it did not hold an evidentiary hearing to determine the existence of an arbitration agreement.

Although Renegar's points relied on are no longer multifarious, they remain deficient because they do not articulate the legal reasons for the claim of reversible error nor explain why the legal reasons support the claim of reversible error.  Rule 84.04(d)(1)(A)–(C).  Points I, III, and IV also violate Rule 84.04(d)(5), which states, "Immediately following each 'Point Relied On,' the appellant … shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon with the party principally relies."  Point I does not cite the statutory authority Renegar relies on in his argument.  Point III lists no cases or statutory authority whatsoever to support this point.  Point IV lists seven cases—which exceeds four—but also includes three cases not cited or relied upon in his argument while omitting the statutory authority he did cite.

Fourth, Rule 84.04(e) states "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review."  Here, Renegar's brief contains a footnote stating, "As there was no trial or evidentiary hearing all Points Relied Upon were preserved for appeal."  The record refutes Renegar's claim an evidentiary hearing did not occur.  The circuit court adjudicated whether the parties agreed to arbitrate at the October 2024 hearing after

8

examining the September 2023 hearing transcript and receiving extensive arguments from Sweeney and Kaplan who negotiated the agreement terms at the September 2023 hearing. Kaplan waived the opportunity to review caselaw or file any pleading to present additional arguments before the circuit court issued its ruling from the bench at the hearing. Thus, it is dubious whether all of Renegar's claims are preserved, although this Court's dismissal does not require us to resolve that issue.

Renegar also fails to support some of his claims with legal authority in the argument section. "An argument should show how principles of law and the facts of the case interact." *Washington*, 286 S.W.3d at 821. For example, Point I contains seven statements of law with no application of these principles to the facts. Likewise, Point V consists of two statements of law with no factual application. Point III suffers from the converse deficiency: It contains several factual statements without citing any legal authority to demonstrate how the facts interact with the law. These deficiencies preserve nothing for review. *See Brummett v. Burberry Ltd.*, 597 S.W.3d 295, 308–09 (Mo. App. W.D. 2019) (finding the appellant's "failure to develop any argument regarding the legal relevance" of a claim to the facts "waive[d] the claim of error to this effect raised in [the] point on appeal.").

Fifth, Rule 84.04(e) requires "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal …. If the citation is to the system-generated legal file, it shall include the system-generated appeal document number and page number (e.g., D6 p. 7)." Renegar's factual assertions do not follow this format in either his argument section or statement of facts. *See Lexow*, 643 S.W.3d at 509 (finding the appellant's brief violated Rule 84.04(e) when omitting specific citation to the record to support the factual assertions contained therein).

9

Finally, Renegar failed to file a compliant appendix. Rule 84.04(h) provides "[a] party's brief shall be accompanied by a separate appendix containing … the order … in question …" and "[t]he complete text of all statutes … claimed to be controlling as to the point on appeal." Rule 84.04(h)(1)–(2). "An appendix may also set forth matters pertinent to the issues discussed in the brief such as copies of exhibits, excerpts from the written record, and copies of new cases or other pertinent authorities." Rule 84.04(h). Renegar filed an appendix with his initial brief which contained several documents, including the October 2024 hearing transcript. Because the October 2024 hearing transcript was not a part of the record at the time Renegar's appendix was filed, this Court ordered the appendix stricken for failing to comply with Rule 84.04(h) and Eastern District Rule 365. Renegar has yet to file a compliant appendix, even though he filed an amended brief and cited to his appendix in his statement of facts. "Failure to file any Appendix, much less one compliant with the specific parameters of Rule 84.04(h), is sufficient grounds for dismissal of the appeal." *Kruse*, 692 S.W.3d at 47.

When considering Renegar's briefing deficiencies, "[r]eaching the merits would require considerable advocacy on our part and would thereby increase the likelihood of reaching the wrong decision and generating questionable precedent." *Titus*, 692 S.W.3d at 438 (quoting *Waller*, 251 S.W.3d at 407). "When briefing deficiencies materially impede impartial appellate review, dismissal of the appeal is required." *Sprueill v. Lott*, 676 S.W.3d 472, 475 (Mo. App. S.D. 2023). This Court would have to assume the role of advocate to address the merits of Renegar's points, by deciphering his vague points relied on, researching legal authority for the arguments, and searching for factual support in the record. This Court lacks the authority to take such actions.

## Conclusion

Renegar's appeal is dismissed.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Renée Hardin-Tammons, J. concur.